# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No.   06-cv- 02263-LTB-BNB

DAVID BLACH d/b/a DAVID BLACH FARMS

   Plaintiff,

v.

MARK RAY, individually and d/b/a SOURCE OF CHAMPIONS;
BERWICK BLACK CATTLE COMPANY, an Illinois Corporation;
THROGMARTIN CATTLE COMPANY, LLC, a Florida Limited Liability Company,
RONALD THROGMARTIN; and
THROGMARTIN REALTY & DEVELOPMENT, INC., a Florida Corporation.

   Defendants.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The final pretrial conference was held February 28, 2008 at 9:30 a.m. Appearing at the conference were: Dennis J. Bartlett (303-812-1200) for plaintiff David Blach and William Jones (303-292-2900) for defendant Ronald Throgmartin. Throgmartin Cattle Company, LLC ("TCC") was unrepresented and did not appear. Plaintiff anticipates moving for a default judgment against TCC at or prior to trial.

### 2. JURISDICTION

Jurisdiction is based upon diversity, 28 U.S.C. § 1332(a). Jurisdiction is not contested by any party.

### 3. CLAIMS AND DEFENSES

A.  <u>Plaintiff.</u> David Blach is a resident of Yuma County, Colorado engaged in agriculture and does business as David Blach Farms. At the initial request of former defendants Mark Ray and Berwick Black Cattle Company (collectively "Ray"), in 2005 and 2006 Blach provided pasture and backgrounding services for cattle in Colorado. These involved the feed and care of cattle and birthing of calves for the cattle. After the care for the cattle had begun, in February or March of 2006 Ray advised Blach that the charges for feed and care of the cattle should be separated between Berwick Black and TCC based upon their respective ownership interests in the cattle in David Blach's care. Blach followed those instructions and two invoices were generated, Invoices 119 and 120 which are attached to the Amended Complaint as Exhibits 1 and 2. Ray promised Blach that he would be paid for the services he was providing the cattle. Relying on these promises all but five head of the cattle, including their calves that had been in Blach's care were released in 2006.

However, after application of all payments received there remains an unpaid balance on Invoice 120 of $149,581.60 plus interest which is accruing at the rate of 1.5% per month from September 1, 2006, plus attorney fees pursuant to the agistor's lien statute. Blach alleges that Ronald Throgmartin and TCC are jointly liable for the entire amount due and has asserted claims for breach of contract, accounts stated and unjust enrichment and to foreclose Blach's agistor's lien (which has been foreclosed against the five cattle which remained in Blach's possession prior to removal of this case by TCC to this court).

B.  <u>Defendant Ronald Throgmartin</u>:  Plaintiff Blach cannot sustain his claim for breach of contract against Ronald Throgmartin as there is not written or implied contract under which Throgmartin contracted with Blach for the alleged pasturing and backgrounding services. Blach also cannot sustain his claim of account stated as Blach cannot prove all of the elements necessary for a claim of account stated. Plaintiff's agistor's lien was discharged when Plaintiff released the cattle. Plaintiff cannot sustain his agistor's lien claim against Throgmartin as Throgmartin received none of the proceeds from any sale of the cattle.

Plaintiff's claim of unjust enrichment also cannot stand. The cattle were sold and the proceeds applied to discharge the loan from High Plains Bank, which also discharged Throgmartin's personal guarantee. Further, the cattle were owned by defendant TCC and not by Ronald Throgmartin.

Plaintiff's equitable claim for unjust enrichment is barred, in whole or in part, by Plaintiff's own conduct and/or failure to mitigate his damages.

C.  <u>Defendant TCC</u>: TCC is unrepresented, is in default and plaintiff anticipates moving for a default judgment against TCC at or before trial.

## 4. STIPULATIONS

The parties will work on stipulations regarding exhibits and facts and will file all such stipulations at least thirty days before trial.

## 5. PENDING MOTIONS

<u>Pending motions</u>. The only pending motion is Plaintiff's Motion to Correct his Motion to Dismiss Ray and Berwick Black from with prejudice to without prejudice pursuant to F.R.C.P. 60(b).

### 6. WITNESSES

a. List the <u>nonexpert</u> witnesses to be called by each party. List separately:

   (1)   witnesses who <u>will</u> be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff anticipates calling:

1. David Blach

2. Ronald Throgmartin.

Ronald Throgmartin anticipates calling:

1. Ronald Throgmartin

   (2)   witnesses who <u>may</u> be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff may call:

3. Karla Blach.

Ronald Throgmartin may call:

2. Any witness identified by any other party.

3. Any witness for impeachment or rebuttal.

   (3)   witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

Plaintiff:

4. Ronald Throgmartin (if not available at trial);

5. Elizabeth Youngblom;

6. Mark Ray; and

7. Kenneth Woods.

Ronald Throgmartin:

2. Mark Ray

3. Kenneth Woods

b. List the <u>expert</u> witnesses to be called by each party. None.

## 7. EXHIBITS

(1) Plaintiff: See Attached Exhibit List.

(2) Defendant Ronald Throgmartin:

Security Agreement, Depo Exh. 18.

~~All pleadings and orders filed in this matter~~.

All exhibits listed by any other party.

Deposition transcripts.

Any exhibits needed for impeachment or rebuttal.

(3) Other parties:

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than ~~five days after the final pretrial conference~~ March 7, 2008. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than ~~11 days after the exhibits are provided~~ March 18, 2008.

## 8. DISCOVERY

Discovery has been completed except for the deposition of Kenneth Woods to preserve his testimony for trial which deposition has been set for March 4, 2008 by telephone.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

The parties (other than TCC which did not participate in preparation of this Final Pretrial Order certify that:

a. Counsel for the parties and any *pro se* party met in person on June 12, 2007 with Magistrate Judge Boland to discuss settlement and have had settlement discussions since then.

b. The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any *pro se* party that the possibility of settlement is remote.

f. The date of the next settlement conference before the magistrate judge or other alternative dispute resolution method. The parties do not request a further settlement conference.

g. Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or

by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to the Court.

2. Estimated trial time. Trial is scheduled for three days which the parties believe will be sufficient.

3. Situs of trial is United States District Court for the District of Colorado.

4. Any other orders pertinent to the trial proceedings. None other than plaintiff will be asking that default judgment be entered against TCC which has not retained counsel to represent it in violation of Magistrate Boland's Order of October 9, 2007 (DN 58). Plaintiff and Defendant Throgmartin also request leave to file Trial Briefs – to be filed no later than 15 days before trial.

Dated this 28th day of February, 2008.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Dennis J. Bartlett | s/ James Belgum |
| Dennis J. Bartlett | William F. Jones |
| Kerr Brosseau Bartlett O'Brien, LLC | James Belgum |
| 1600 Broadway, Suite 1600 | Moye White LLP |
| Denver, CO 80202 | 1400 16th Street, 6th Floor |
| Telephone: (303) 812-1200 | Denver, CO 80202 |
| | Telephone: (303) 292-2900 |
| *Attorney for Plaintiff David Blach* | |
| *dba David Blach Farms* | *Attorney for Defendant Ronald Throgmartin* |

# PLAINTIFF'S EXHIBIT LIST

| EXHIBIT LIST OF: David Blach dba David Blach Farms | | DATE: May 19, 2008 | | | | CASE NO: 06-cv-02263-LTB-BNB | |
|---|---|---|---|---|---|---|---|
| CASE CAPTION: David Blach v. Mark Ray, et al. | | | | | | | |
| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
| 1. | | Not Used | | | | | | |
| 2. | | Depo Ex. 2 Throgmartin Cattle Company, LLC Operating Agreement | | | | | | |
| 3. | | Depo Ex. 3 Throgmartin Cattle Company, LLC 2003 Tax Return | | | | | | |
| 4. | | Depo Ex. 4 Throgmartin Cattle Company, LLC 2004 Tax Return | | | | | | |
| 5. | | Depo Ex. 5 Throgmartin Cattle Company, LLC 2005 Tax Return | | | | | | |
| 6. | | Depo Ex. 6 TCC 1 Cattle Bill of Sale | | | | | | |
| 7. | | Depo Ex. 7 TCC 2 Cattle Bill of Sale and Invoices | | | | | | |
| 8. | | Not Used | | | | | | |
| 9. | | Depo Ex. 9 TCC 2 Cattle Inventory | | | | | | |
| 10. | | Depo Ex. 10 Beth Youngblom Declaration | | | | | | |
| 11. | | Not Used | | | | | | |
| 12. | | Not Used | | | | | | |
| 13. | | Depo Ex. 13 Ray Guaranty | | | | | | |
| 14. | | Depo Ex. 14 Cattle Sale Agreement | | | | | | |
| 15. | | Depo Ex. 15 High Plains Loan Agreement | | | | | | |
| 16. | | Depo Ex. 16 High Plains Loan Application | | | | | | |
| 17. | | Depo. Ex. 17 High Plains Note | | | | | | |
| 18. | | Not Used | | | | | | |
| 19. | | Depo Ex. 19 Subordination Agreement | | | | | | |
| 20. | | Depo Ex. 20 Throgmartin Payment to High Plains to release cattle | | | | | | |
| 21. | | Depo Ex. 21 Extension Agreement | | | | | | |

| EXHIBIT LIST OF: David Blach dba David Blach Farms | | | DATE: May 19, 2008 | | | | CASE NO: 06-cv-02263-LTB-BNB | |
|---|---|---|---|---|---|---|---|---|
| CASE CAPTION: David Blach v. Mark Ray, et al. | | | | | | | | |
| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
| 22. | | Depo Ex. 22 Additional Advance Application | | | | | | |
| 23. | | Dep. Ex. 23 Loan Statement | | | | | | |
| 24. | | Depo Ex. 24 Extension Agreement | | | | | | |
| 25. | | Depo. Ex. 25 Illinois Complaint in Replevin | | | | | | |
| 26. | | Depo Ex. 26 Petition for Preliminary Injunction | | | | | | |
| 27. | | Dep. Ex. 27 Lyle Flock Fax to Ron Throgmartin | | | | | | |
| 28. | | Depo Ex. 28 Replevin Bond | | | | | | |
| 29. | | Depo Ex. 29 Bill of Sale | | | | | | |
| 30. | | Depo Ex. 30 Final Agreement to Purchase Cattle | | | | | | |
| 31. | | Depo Ex. 31 Cattle Tags Read at Hardin Ranch | | | | | | |
| 32. | | Depo Ex. 32 Cattle Tags Read at Wheaton Ranch | | | | | | |
| 33. | | Depo Ex. 33 Cattle Tags Read at Baumon Ranch | | | | | | |
| 34. | | Depo Ex. 34 Unsigned Cattle Maintenance Agreement | | | | | | |
| 35. | | Depo Ex. 35 Inventory of Throgmartin Cattle at Baumon Ranch | | | | | | |
| 36. | | Not Used | | | | | | |
| 37. | | Not Used | | | | | | |
| 38. | | Not Used | | | | | | |
| 39. | | Depo Ex. 39 Agreed Replevin Order and Settlement Agreement | | | | | | |
| 40. | | Depo Ex. 40 December 11, 2006 Order | | | | | | |
| 41. | | Depo Ex. 41 Agreement | | | | | | |
| 42. | | Not Used | | | | | | |
| 43. | | Depo Ex. 43 Throgmartin Fax to Bonar | | | | | | |
| 44. | | Not Used | | | | | | |
| 45. | | Depo Ex. 45 Throgmartin Proof of Claim – Mark | | | | | | |

| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
|---|---|---|---|---|---|---|---|---|
| | | Ray Case | | | | | | |
| 46. | | Depo Ex. 46 Throgmartin Proof of Claim – Berwick Black Case | | | | | | |
| 47. | | Not Used | | | | | | |
| 48. | | Depo Ex. 48 List of TCC 2 Cattle | | | | | | |
| 49. | | Not Used | | | | | | |
| 50. | | Not Used | | | | | | |
| 51. | | Not Used | | | | | | |
| 52. | | Depo Ex. 52 Throgmartin Cattle Company Proof of Claim – Mark Ray Case | | | | | | |
| 53. | | Depo. Ex. 53 Throgmartin Cattle Company Proof of Claim – Berwick Black Case | | | | | | |
| 54. | | Not Used | | | | | | |
| 55. | | Depo. Ex. 55 Fax from Ray with Draft Affidavit | | | | | | |
| 56. | | Depo Ex. 56 Fax from Ron Throgmartin with Affidavit and Edited Affidavit | | | | | | |
| 57. | | Depo Ex. 57 – Original Complaint | | | | | | |
| 58. | | Not Used | | | | | | |
| 59. | | Not Used | | | | | | |
| 60. | | Not Used | | | | | | |
| 61. | | Not Used | | | | | | |
| 62. | | Not Used | | | | | | |
| 63. | | Depo Ex. 63 Ron Throgmartin Bank Statements | | | | | | |
| 64. | | Depo Ex. 64 Ron Throgmartin Bank Statements | | | | | | |
| 65. | | Depo Ex. 65 Ron Throgmartin Bank Statements | | | | | | |
| 66. | | Depo Ex. 66 Ron Throgmartin Records Regarding Cattle Purchases | | | | | | |
| 67. | | Depo Ex. 67 Ron Throgmartin Records Regarding | | | | | | |

| EXHIBIT LIST OF: David Blach dba David Blach Farms | | | DATE: May 19, 2008 | | | | CASE NO: 06-cv-02263-LTB-BNB | |
|---|---|---|---|---|---|---|---|---|
| CASE CAPTION: David Blach v. Mark Ray, et al. | | | | | | | | |
| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
| | | Wire Transfers | | | | | | |
| 68. | | Depo Ex. 68 Sample Investment Contract | | | | | | |
| 69. | | Depo Ex. 69 Sample Investment Contract | | | | | | |
| 70. | | Depo Ex. 70 Promissory Note | | | | | | |
| 71. | | Depo Ex. 71 Ken Woods Memorandum to File | | | | | | |
| 72. | | Depo Ex. 72 Ken Woods Records of Questions Regarding Throgmartin Cows | | | | | | |
| 73. | | Depo Ex. 73 High Plains Security Agreement | | | | | | |
| 74. | | Depo Ex. 74 High Plains Payoff of Loan Proceeds | | | | | | |
| 75. | | Depo Ex. 75 High Plains Letter to Throgmartins With Attached Records | | | | | | |
| 76. | | Depo Ex. 76 Woods Memo of August 23, 2005 Telephone Call | | | | | | |
| 77. | | Not Used | | | | | | |
| 78. | | Depo Ex. 78 Woods Memo of November 15, 2005 Telephone Call | | | | | | |
| 79. | | Depo Ex. 79 Fax from Duello to Woods Regarding TCC Cattle Inventory | | | | | | |
| 80. | | Depo Ex. 80 Woods Memo of June 8, 2006 Meeting | | | | | | |
| 81. | | Not Used | | | | | | |
| 82. | | Depo Ex. 82 Ward Feed Yard Check to High Plains | | | | | | |
| 83. | | Depo Ex. 83 Bill of Sale on Cattle With Related Documents | | | | | | |
| 84. | | Not Used | | | | | | |
| 85. | | Depo Ex. 85 Woods Memo to Ray, et al. | | | | | | |
| 86. | | Depo Ex. 86 Affidavit of Ron Throgmartin | | | | | | |
| 87. | | Depo Ex. 87 Affidavit of Ron Throgmartin | | | | | | |
| 88. | | Depo Ex. 88 Woods Memo to File | | | | | | |

| EXHIBIT LIST OF: David Blach dba David Blach Farms | | | DATE: May 19, 2008 | | | | CASE NO: 06-cv-02263-LTB-BNB | |
|---|---|---|---|---|---|---|---|---|
| CASE CAPTION: David Blach v. Mark Ray, et al. | | | | | | | | |
| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
|---|---|---|---|---|---|---|---|---|
| 89. | | Depo Ex. 89 High Plains Letter to the Throgmartins | | | | | | |
| 90. | | Depo Ex. 90 High Plains Letter to the Throgmartins | | | | | | |
| 91. | | Depo Ex. 91 Throgmartin Fax to Bonar | | | | | | |
| 92. | | Blach Invoice 119 | | | | | | |
| 93. | | Blach Invoice 120 | | | | | | |
| 94. | | Telephone records of Blach calls including a summary of those calls | | | | | | |
| 95. | | September 29, 2006 Demand Letter | | | | | | |
| 96. | | List of cattle | | | | | | |
| 97. | | Billing records DB001-DB049 | | | | | | |
| 98. | | Cattle Shipment Records DB050-DB117 | | | | | | |
| 99. | | Black Ray Stipulation (Illinois Bankruptcy Court) | | | | | | |
| 100. | | TCC Ray Stipulation (Illinois Bankruptcy Court) | | | | | | |
| 101. | | Ronald Throgmartin's Supplemental Objections and Responses to Plaintiff's Interrogatories and Requests for Production | | | | | | |
| 102. | | July 24, 2007 Email (RT884-885) | | | | | | |
| 103. | | July 31, 2007 Email (RT886-887) | | | | | | |
| 104. | | December 12, 2006 Email (RT894) | | | | | | |
| 105. | | Fax from Ken Woods to Ron Throgmartin (RT905-908) | | | | | | |
| 106. | | Security Agreement (RT913-916) | | | | | | |
| 107. | | TCC 2 Cattle – Amount financed per High Plains (RT931) | | | | | | |
| 108. | | Records on Blach billings in Ronald Throgmartin's possession (RT486-503) | | | | | | |
| 109. | | Demonstrative Exhibit – Blach billing and payment history summary. | | | | | | |

| EXHIBIT LIST OF: David Blach dba David Blach Farms | | | DATE: May 19, 2008 | | | | CASE NO: 06-cv-02263-LTB-BNB | |
|---|---|---|---|---|---|---|---|---|
| CASE CAPTION: David Blach v. Mark Ray, et al. | | | | | | | | |
| Exhibit | Witness | Description | Stip. | Offered | Rec'd | Refused | Reserved | Comments Information |
| | | All pleadings and orders in the case. | | | | | | |
| | | Deposition Transcripts used at trial. | | | | | | |
| | | All Exhibits listed by any other party. | | | | | | |
| | | All Exhibits needed for impeachment or rebuttal. | | | | | | |
| | | | | | | | | |
| | | | | | | | | |